NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD S. CATANZARO,** *et al.* | Civil Action No. 24-1117 (MAS) (TJB) |
| **Plaintiffs,** | |
| v. | **MEMORANDUM OPINION** |
| **TEXAS ROADHOUSE INC.,** *et al.* | |
| **Defendants.** | |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court is Defendant Texas Roadhouse Inc.'s ("Defendant") Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). (Docket Entry No. 5.) Defendant's motion proceeds before the Court unopposed. The Court has fully reviewed the arguments made in support of Defendant's motion. The Court considers Defendant's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Defendant's Motion for a More Definite Statement is **DENIED.**

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On January 29, 2024, Plaintiffs Richard S. Catanzaro and Linda Catanzaro (collectively, "Plaintiffs") commenced this negligence action against Defendant Texas Roadhouse Inc., John Does I-X (names being fictious and unknown, and ABC Corporations 1-10 (names being fictious and unknown) in the New Jersey Superior Court, Monmouth County, Law Division. (Def.'s Mem. of L. in Supp. of Mot. for More Definite Statement, at 1; Docket Entry No. 5) ("Def.'s Mov. Br."). On February 27, 2024, Defendant removed this action from the New Jersey Superior Court to the United States District Court for the District of New Jersey. (*Id.*); (Docket Entry No. 1.)

In the Complaint, Plaintiffs assert four counts and state in relevant part:

<u>Count I:</u>

- On or about December 24, 2022, Plaintiff, RICHARD S. CATANZARO, was a business invitee and was otherwise legally on the premises owned and/or operated by Defendant, TEXAS ROADHOUSE INC., located at 2105 State Route 35, Township of Holmdel, Monmouth County, New Jersey. (Pl.'s Compl., Count I, ¶ 1; Docket Entry No. 1-1) ("Compl.");
- At said time and place, Plaintiff was injured due to the negligence of said Defendant. (*Id.* ¶ 2);
- Defendant was negligent in that he: A. Did not keep the premises in a safe condition; B. Did not exercise proper care; C. Caused a dangerous and hazardous condition to exist; D. Failed to provide proper safeguards and/or warnings on its property; E. And were otherwise negligent in the maintenance and operation of the premises. (*Id.* ¶ 3);
- As a direct and proximate result of the negligence of the Defendant, Plaintiff, RICHARD S. CATANZARO, sustained severe and permanent injuries from which he will suffer great physical pain permanently and undergo great suffering permanently, and has been and will in the future be caused to refrain from his normal pursuits, has been forced to undergo medical treatment and to expend great sums of money in connection with said medical treatment. (*Id.* ¶ 4.)

<u>Count II:</u>

- At all times hereinafter mentioned, Defendant, JOHN DOES I-X (names being fictitious and unknown), were the owners, operators, principals, shareholders, servants, agents, and/or employees of Defendant, TEXAS ROADHOUSE INC. (*Id.*, Count II, ¶ 2);
- At said time and place, Plaintiff was injured as a direct and proximate result of the negligence of the Defendants, JOHN DOES I-X (names being fictitious and unknown). (*Id.* ¶ 3);
- Defendants were negligent in that they: A. Did not keep the premises in a safe condition; B. Did not exercise proper care; C. Caused a dangerous and hazardous condition to exist; D. Failed to provide proper safeguards and/or warnings on its property; E. And were otherwise negligent in the maintenance and operation of the premises. (*Id.* ¶ 4);
- As a direct and proximate result of the negligence of the Defendants, Plaintiff, RICHARD S. CATANZARO, sustained severe and permanent injuries from which he will suffer great physical pain permanently and undergo great suffering permanently, and has been and will in the future be caused to refrain from his normal pursuits, has

been forced to undergo medical treatment and to expend great sums of money in connection with said medical treatment. (*Id.* ¶ 5.)

Count III:

- At all times hereinafter mentioned, Defendant, ABC CORPORATION 1-10 (names being fictitious and unknown), were the owners, operators, principals, shareholders, servants, agents, and/or employees of Defendant, TEXAS ROADHOUSE INC. (*Id.*, Count III, ¶ 2);
- At said time and place, Plaintiff was injured as a direct and proximate result of the negligence of the Defendants, ABC CORPORATION 1-10 (names being fictitious and unknown). (*Id.* ¶ 3);
- Defendants were negligent in that they: A. Did not keep the premises in a safe condition; B. Did not exercise proper care; C. Caused a dangerous and hazardous condition to exist; D. Failed to provide proper safeguards and/or warnings on its property; E. And were otherwise negligent in the maintenance and operation of the premises. (*Id.* ¶ 4);
- As a direct and proximate result of the negligence of the Defendants, Plaintiff, RICHARD S. CATANZARO, sustained severe and permanent injuries from which he will suffer great physical pain permanently and undergo great suffering permanently, and has been and will in the future be caused to refrain from his normal pursuits, has been forced to undergo medical treatment and to expend great sums of money in connection with said medical treatment. (*Id.* ¶ 5.)

Count IV:

- Plaintiff, LINDA CATANZARO is the wife of Plaintiff, RICHARD S. CATANZARO. (*Id.,* Count IV, ¶ 2);
- By reason of the aforesaid carelessness and negligence of said Defendants, jointly and severally, Plaintiff, RICHARD S. CATANZARO, sustained severe and permanent injuries which prevented him from performing his usual daily duties for a long period of time and will in the future prevent him from performing his duties as a husband and companion to the Plaintiff, RICHARD S. CATANZARO. (*Id.* ¶ 3);
- As a direct and proximate result of the Defendants' carelessness and negligence, jointly and severally, Plaintiff, LINDA CATANZARO was deprived of the consortium of her husband, Plaintiff, RICHARD S. CATANZARO, and will in the future be deprived of said consortium. (*Id.* ¶ 4.)

Plaintiffs seek damages related to the alleged injuries together with interest and legal costs. (*Id.* at pp. 2-5.) On March 6, 2024, Defendant filed its present Motion for a More Definite Statement. (Docket Entry No. 5.) Plaintiffs did not oppose Defendant's motion.

Defendant argues that "Plaintiffs' Complaint fails to provide factual support for prima facie case of negligence against Defendant which is required under the Federal Rules . . . ." (Def.'s Mov. Br., at 2.) Specifically, Defendant avers that Plaintiffs fail to state: (1) the alleged defect that allegedly caused injury to Plaintiff Richard S. Catanzaro, and (2) any facts describing the alleged injury sustained by Mr. Catanzaro, including the nature of the injury and/or the body parts that were allegedly injured. (*Id.* at 3.) As plead, Defendant contends that Plaintiffs' Complaint, without any supporting factual allegations, makes generalized bald assertions of an unknown defect that allegedly caused Plaintiff Richard S. Catanzaro to suffer unknown injuries. (*Id.*) According to Defendant, "Given the factual ambiguity of Plaintiffs' Complaint, Defendant cannot adequately defend this matter or form a belief in responding to such allegations in its Answer to Plaintiffs' Complaint with such vague pleadings." (*Id.*) Defendant maintains that Plaintiffs must provide Defendant with a more definite statement since Plaintiffs' Complaint fails to state the alleged defect and the specific injuries that resulted from the alleged negligence. (*Id.*)

II.   **ANALYSIS**

Federal Rule of Civil Procedure ("Rule") 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.*

"The prevailing standard employed by the Third Circuit is to grant a Rule 12(e) motion when the pleading is so vague or ambiguous that the opposing party cannot respond even with a simple denial, in good faith, without prejudice to itself." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F.Supp.2d 729, 736-37 (D.N.J. 2008) (citing *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232–33 (D.N.J. 2003) (citation omitted)).

"'Motions for a more definite statement, however, are "generally disfavored," particularly in light of the liberal pleading standards under the Federal Rules.'" *Johnson v. Fielder*, Civ. No. 14-6938, 2016 WL 3912022, at *2 (D.N.J. July 19, 2016) (citing *Marley v. Donahue*, Civ. No. 14-1597, 2014 WL 5152618, at *1 (D.N.J. Oct. 14, 2014) (citation omitted)). As such, courts grant motions for a more definite statement where:

> (1) The allegations of a complaint are not sufficiently specific to enable a defendant to determine the propriety of interposing in his answer a waivable defense;
>
> (2) In the absence of certain information peculiarly within the knowledge of the plaintiff, the defendant cannot, in good faith, answer the complaint with a general denial; and
>
> (3) The court finds it desirable to pare down "shotgun" pleadings to make the litigation more manageable through more controlled discovery.

*Clark*, 213 F.R.D. at 233 (citations omitted); *Lasky v. Evesham Owner LLC*, 2014 WL 2710969, at *2 (D.N.J. June 16, 2014) (citing *Lasky v. Camden County,* 2010 WL 323220, *2 (D.N.J. Jan 20, 2010) (citation omitted)).

"'It is not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presented a proper subject of discovery.'" *MK Strategies, LLC*, 567 F.Supp.2d at 737 (quoting *Lincoln Labs., Inc. v. Savage Labs., Inc.,* 26 F.R.D. 141, 142–43 (D.Del. 1960)). "'The basis for granting such a motion is unintelligibility, not lack of detail.'" *Id*. (citation omitted).

5

"Whether to grant motion under Rule 12(e) is a matter committed largely to the discretion of the district court." *Clark*, 213 F.R.D. at 232 (citations omitted). "However, '[b]ecause there is potential that Rule 12(e) could require more specificity than that required by Rule 8 (a)(2) and therefore be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity.'" *Powell v. Subaru of America, Inc.*, 502 F.Supp.3d 856, 898 (D.N.J 2020) (citing *Gittens v. Experian Info. Sols., Inc.*, Civ. No. 13-5534, 2014 WL 1744851, at *2 (D.N.J. Apr. 30, 2014)).

Based on a review of Plaintiffs' Complaint as well as the arguments raised in support of Defendant's motion, the Court finds that Defendant has failed to satisfy its burden of proof to warrant a more definite statement pursuant to Rule 12(e). Defendant has moved for a more definite statement on the basis that Plaintiffs' Complaint lacks sufficient factual allegations to support its claim of negligence against Defendant. Yet, as mentioned, the prevailing basis for granting Rule 12(e) motions is "unintelligibility, not lack of detail." *MK Strategies, LLC*, 567 F.Supp.2d at 737. While the Court appreciates the fact that Plaintiffs' Complaint is meager in detail, such a fact alone is not a sufficient basis to grant Defendant's motion. In fact, a Court in this district has considered a strikingly similar motion filed by the same or similar Defendant concerning same or similar circumstances. *See generally, Legette v. Texas Roadhouse, Inc.*, Civ. No. 23-22622, 2024 WL 64779 (D.N.J. Jan. 5, 2024).

In *Legette*, a Plaintiff allegedly fell when walking in a parking area belonging to Texas Roadhouse, Inc., in Egg Harbor, New Jersey. *Id.* at *1. The *Legette* Plaintiffs claimed that "[d]ue to 'a dangerous condition existing on the premises' and Defendants' negligence, Ms. Legette . . . suffered injuries that required medical treatment, incurred medical expenses, and [sustained] permanent disabilities." *Id.* In moving for a more a definite statement, the *Legette* Defendant,

6

Texas Roadhouse Holdings LLC, argued that: "Plaintiffs' Complaint fail[ed] to provide factual support for a prima facie case of negligence against Defendant which is required under the Federal Rules," *id.* at *2 (ECF citation omitted); failed "to set forth any factual allegations to support a claim of how Plaintiff was caused to fall due to the alleged negligence of Defendants[,]" *id.*; and/or failed to set forth "[f]actual allegations regarding the alleged defect, or the alleged injuries sustained due to the alleged defect," *id.* (ECF citation omitted). The *Legette* Defendant further argued that "Plaintiffs must 'plead more than labels, conclusions, and a formulaic recitation of the elements of a cause of action' . . . [and] that [Defendant] [could not] adequately respond to the Complaint given the Complaint's factual ambiguity." *Id.* (ECF citation omitted.)

The *Legette* Court ultimately found that Defendant failed to provide a sufficient basis for the Court to grant its motion. *Id.* As the *Legette* Court reasoned:

> Although the Complaint is sparse on detail, that alone is not a sufficient basis for the Court to grant Defendant's Motion. *See MK Strategies, LLC*, 567 F. Supp. 2d at 737 ("The basis for granting such a motion is unintelligibility, not lack of detail."). Defendant's arguments that the Complaint fails to make out a prima facie case of negligence and lacks sufficient factual allegations are more appropriate for a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [footnote citation omitted.] Due to the difference in the standards of review for motions under Rule 12(b)(6) versus Rule 12(e), "an implausible claim may well be stated intelligibly enough to enable the framing of a response, and a plausible claim, which would survive a Rule 12(b)(6) motion, may be pleaded vaguely enough to make response impossible, which would make it vulnerable to a Rule 12(e) motion." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2023).

*Id.*

This Court agrees. Defendant's basis here is insufficient to warrant a more definite statement pursuant to Rule 12(e). Rather, as the *Legette* Court stated, Defendant's arguments are more appropriate for a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

7

Moreover, the *Legette* Court found that the *Legette* Plaintiffs' Complaint "[was] intelligible enough to provide Defendant adequate notice of the basis for Plaintiffs' claims and thus to survive Defendant's [m]otion." *Id.* at *3.

Specifically, the *Legette* Court stated:

> First, Defendant has not represented that the Complaint's lack of detail will prevent it from interposing a waivable defense in its answer. Second, Defendant has not persuaded the Court that it cannot answer the Complaint with a good-faith, general denial of negligence even if it does not know the specific cause or nature of Plaintiff's alleged injuries. Third, the Complaint is not the type of "shotgun" pleading that is particularly susceptible to a 12(e) motion. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (characterizing four archetypes of shotgun pleadings, none of which is present here)

*Legette,* 2024 WL 64779, at *3.

Similar here, Defendant neither argues nor represents that the Complaint, as plead, will prevent it from interposing a waivable defense in its answer.  Nor is the Court persuaded that Defendant cannot, in good faith, answer Plaintiffs' Complaint with a general denial of Plaintiffs' negligence claim, even absent specific facts regarding the alleged defect and alleged injury.  In other words, Plaintiffs' Complaint "is not so vague, ambiguous, or unintelligible" that Defendant cannot respond in good faith with a general denial. *MK Strategies, LLC*, 567 F.Supp.2d at 737. Lastly, the Court does not find that Plaintiffs' Complaint constitutes a "shotgun pleading" in need of "paring down" to make the litigation more manageable through more controlled discovery.

As courts in this jurisdiction have explained, the specific information and details sought by Defendant to raise its defense may be obtained during discovery and through the various discovery tools afforded under the Federal Rules. *See id.* (explaining that the details sought by Defendant may be disclosed later in discovery); *see also Legette,* 2024 WL 64779, at *3 (stating that

8

Defendant may take advantage of discovery tools to obtain more specific information from Plaintiff to mount its defense).

### III.  CONCLUSION

For the reasons set forth above, Defendant's Motion for a More Definite Statement is **DENIED.** An appropriate order follows.

Dated:  October 30, 2024

                                          s/ Tonianne J. Bongiovanni
                                          **HONORABLE TONIANNE J. BONGIOVANNI**
                                          **UNITED STATES MAGISTRATE JUDGE**